# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADE SAVO RADOVICH, | Case No. 1:16-cv-00538-SKO |
| Plaintiff, | **ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| v. | **(Doc. 1)** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

On April 15, 2016, Plaintiff Rade Savo Radovich ("Plaintiff") filed a complaint under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for supplemental security income. (Doc. 1.) Plaintiff filed his opening brief ("Plaintiff's Motion") on December 22, 2016, (Doc. 12), and Defendant filed their Cross-Motion for Summary Judgment ("Defendant's Motion") on March 9, 2017, (Doc. 14). The matter is currently before the Court on the parties' briefs, which were submitted without oral argument.[1]

For the reasons provided herein, the Court GRANTS Plaintiff's Motion, (Doc. 12), DENIES Defendant's Motion, (Doc. 14), and REMANDS this matter for further proceedings.

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (Docs. 7 & 8.)

# I. BACKGROUND

The following includes the pertinent medical and procedural background for this matter. Plaintiff was born on August 11, 1972, and is currently 45 years old. (Administrative Record ("AR") 270.)

On March 2, 2006, Plaintiff filed an initial claim for disability insurance benefits and supplemental security income. (*See* AR 121.) In a decision dated May 29, 2008, an administrative law judge ("ALJ") found that Plaintiff was not disabled. (*See* AR 121–31.) As pertinent for present purposes, the first ALJ found in their May 29, 2008 decision that Plaintiff had the residual functional capacity ("RFC") "to maintain attention and concentration" and "carry out one or two step simple job instructions." (AR 124.)

On February 24, 2012, Plaintiff filed an additional claim for supplemental security income, (AR 270–78), which is the subject of the current case, (*see, e.g.*, Doc. 1). In this claim, Plaintiff alleges that he became disabled on May 30, 2008. (AR 270.) Plaintiff stated that the following conditions limit his ability to work: (1) spinal, hip, knee, and mental health problems, (2) shoulder injuries, (3) joint pain in every joint, (4) repetitive pain in right thigh bone, (5) broken tailbone that pinches spinal nerve, (6) bi-polar manic depression, (7) social anxiety disorder with agoraphobia, and (8) panic attacks. (AR 294.)

On June 22, 2012, a psychiatrist—Dr. Ekram Michiel—examined Plaintiff. (*See* Doc. 355–58.) In his report, Dr. Michiel provided the following pertinent opinion: "Based upon the evaluation and observation throughout the interview, [Dr. Michiel] believe[s] that [Plaintiff] is unable to maintain attention and concentration to carry out simple job instructions." (AR 358.)

On February 26, 2013, an agency psychiatrist—Dr. Anna Franco—reviewed Plaintiff's records. (*See* AR 173–75.) Dr. Franco opined that the "overall evidence . . . did not suggest a change in circumstances since [the first ALJ] decision for [simple repetitive tasks]; and at [reconsideration], evidence again does not suggest a change." (AR 174.)

The Social Security Administration denied Plaintiff's claim initially on July 18, 2012, (*see* AR 136–64), and again on reconsideration on March 13, 2013, (*see* AR 165–92). Plaintiff then requested a hearing which was heard by a second ALJ on April 12, 2013. (AR 217–19.)

On April 24, 2014, the ALJ held a hearing regarding Plaintiff's claim (the "Hearing"). (*See* AR 75–116.) Plaintiff was represented by counsel at this Hearing. (*See* AR 75.) A vocational expert ("VE") was called to testify during the Hearing. (*See* AR 110–15.) The ALJ presented hypotheticals to the VE that omitted the portion of Dr. Michiel's opinion relating to Plaintiff's ability to carry out simple job instructions. (*See* AR 112–14.) The VE responded to the pertinent hypotheticals by stating that the hypothetical individual could perform jobs in the national economy. (*See* AR 112–14.) Plaintiff's counsel then asked the VE to "assume the same vocational background as [the ALJ's] hypotheticals," but that "this person is unable to maintain attention and concentration to carry out simple job instructions." (AR 114.) The VE responded that the hypothetical individual could not "perform . . . any work in our national economy," as "normally found." (AR 114.)

In a decision dated May 27, 2014, the ALJ found that Plaintiff was not disabled. (AR 10–27.) In the decision, the ALJ conducted the five-step sequential evaluation analysis set forth in 20 C.F.R. § 416.920. (*See* AR 13–23.) At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since February 24, 2012, the application date." (AR 15.) At step two, the ALJ found that Plaintiff "has the following severe impairments: neck, back, shoulder, hip, knee, and ankle musculoskeletal pain, anxiety disorder, and affective disorder." (AR 15.) At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." (AR 15.)

The ALJ next found that Plaintiff has the RFC "to perform light work . . . , except he can frequently reach bilaterally, but never climb ladders, ropes, or scaffolds." (AR 16.) The ALJ also found that Plaintiff "cannot be around unprotected heights or moving mechanical parts" and that he "is limited to simple repetitive tasks." (AR 16.) The ALJ provided the following pertinent discussion during their RFC analysis:

> Dr. Michiel opined [Plaintiff] would be unable to maintain attention and concentration to carry out simple job instructions, but would be able to relate and interact with co-workers, supervisors, and the general public. There were no restrictions on activities of daily living . . . . The [ALJ] partially credits Dr.

> Michiel's opinion, but not the portion precluding performing simple repetitive tasks. This appears to have been based solely upon [Plaintiff's] subjective statements and his near total memory loss, which is not consistent with his demonstrated good memory at the [H]earing where he seemed to remember almost everything.
>
> . . .
>
> The State Agency medical consultant opined [Plaintiff] would be able to understand and remember and sustain concentration, persistence, and pace for simple one- and two-step and some detailed and complex tasks. He would be able to accept instructions from supervisors, interact with co-workers and the public, and adapt to normal work-like change . . . . [T]he [ALJ] gives significant weight to the State Agency opinion as most consistent with the medical evidence.

(AR 21.)

At step four, the ALJ found that Plaintiff "does not have past relevant work." (AR 22.) Finally, at step five, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (AR 22.) In making the step-five determination, the ALJ relied on the testimony of the VE during the Hearing. (*See* AR 22.) Ultimately, the ALJ found that Plaintiff "is not disabled under section 1614(a)(3)(A) of the Social Security Act." (AR 23.)

Plaintiff sought review of the ALJ's decision before the Appeals Council. (AR 9.) On February 19, 2016, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (AR 1–7.)

Plaintiff filed the Complaint in this Court on April 15, 2016. (Doc. 1.) Plaintiff's Motion was filed on December 22, 2016, (Doc. 12), and Defendant's Motion was filed on March 9, 2017, (Doc. 14). As such, the briefing in this case is complete[2] and this matter is ready for disposition.

## II. LEGAL STANDARD

### A. Applicable Law

An individual is considered "disabled" for purposes of disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can

---

[2] On March 28, 2017, Plaintiff filed a Notice of Submission on Plaintiff's Opening Brief, in which Plaintiff notifies the Court that he declined to file a reply brief and, instead, he rests on the arguments he "presented" in Plaintiff's Motion. (Doc. 15.)

4

be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility [for disability benefits], the Commissioner" is required to "consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." *Id.* § 423(d)(2)(B). For purposes of this determination, "a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Ninth Circuit provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing her past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 404.1520(a)(4) (providing the "five-step sequential evaluation process"); *id.* § 416.920(a)(4) (same). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to

consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520).

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue her past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.    Scope of Review**

"This court may set aside the Commissioner's denial of disability insurance benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citing *Tackett*, 180 F.3d at 1098). "Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund*, 253 F.3d at 1156 ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*,

454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## III. DISCUSSION

Plaintiff argues, in relevant part, that the ALJ erred when performing the RFC analysis by rejecting a portion of the opinion of an examining physician—Dr. Ekram Michiel.[3] (*See* Doc. 12 at 5–9.) For the reasons that follow, the Court agrees with Plaintiff's position.

### A. Overview of Analysis

"The ALJ determines a claimant's RFC before step four of the sequential evaluation analysis." *Colston v. Comm'r of Soc. Sec.*, Case No. 1:15-cv-01750-SKO, 2017 WL 784870, at *5 (E.D. Cal. Feb. 28, 2017) (citing 20 C.F.R. §§ 404.1520(e) & 416.920(e)). A claimant's RFC "is the most [the claimant] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1) & 416.945(a)(1). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record . . . ." *Robbins*, 466 F.3d at 883. "The ALJ is entitled to formulate an RFC and resolve any ambiguity or inconsistency in the medical evidence . . . ." *Jenkins v. Colvin*, Case No. 1:15-cv-01135-SKO, 2016 WL 4126707, at *6 (E.D. Cal. Aug. 2, 2016) (citing *Lewis v. Apfel*, 236 F.3d

---

[3] Plaintiff also argues that the ALJ erred by applying principles of res judicata. (*See* Doc. 12 at 11–13.) Specifically, Plaintiff argues that the ALJ erred by finding that there was a "presumption of continuing disability" due to a prior ALJ's determination that Plaintiff is not disabled. (*Id.* at 11.)
   Plaintiff is correct that the ALJ in this case stated in its decision that Plaintiff did "not present[] any new or material evidence warranting change in his [RFC]" and, "[t]herefore, the presumption of continuing non-disability applies." (AR 13.) However, this finding by the ALJ was immaterial to the ALJ's disability determination, as the ALJ then performed a full analysis under the five-step sequential evaluation process. (*See* AR 13–23); *cf.* Acquiescence Ruling 97-4(9) (discussing the Commissioner's analysis in the Ninth Circuit regarding res judicata principles and stating that ALJs "will apply a presumption of continuing nondisability and determine that the claimant is not disabled" unless the claimant "rebut[s] the presumption by showing a changed circumstance" and, if the claimant rebuts the presumption, the ALJ will still "give effect to certain findings" from the prior disability determination "unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding"). In other words, while the ALJ invoked the principles of res judicata, they did not actually apply those principles and, instead, engaged in the full disability analysis. (*See* AR 13–23.) As such, even if the ALJ erred in claiming to apply principles of res judicata—an issue that the Court need not resolve in the instant opinion—that error was harmless. *See, e.g.*, *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (stating that "an ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination" (citations omitted)). *See generally id.* (noting that the Ninth Circuit "ha[s] long recognized that harmless error principles apply in the social security context" (citation omitted)).

7

503, 509 (9th Cir. 2001)). Additionally, "[t]he ALJ can . . . decide what weight to give to what evidence as long as the ALJ's reasoning is free of legal error and is based on substantial evidence." *Tremayne v. Astrue*, No. CIV 08–2795 EFB, 2010 WL 1266850, at *12 (E.D. Cal. Mar. 29, 2010) (citing *Reddick v. Chater*, 157 F.3d 715 (9th Cir. 1998)).

"In disability benefits cases such as this, physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability—the claimant's ability to perform work." *Reddick*, 157 F.3d at 725. Courts "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining [or reviewing] physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (citations omitted); *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) ("By rule, the Social Security Administration favors the opinion of a treating physician over non-treating physicians." (citing 20 C.F.R. § 404.1527)). The opinions of treating physicians "are given greater weight than the opinions of other physicians" because "treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) (citations omitted).

Here, it is uncontested that Dr. Michiel was Plaintiff's examining physician. (*See, e.g.*, AR 355–58 (constituting Dr. Michiel's report).) "As in the case with the opinion of a treating physician, the Commissioner must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician." *Lester*, 81 F.3d at 830 (citation omitted). "And like the opinion of a treating doctor, the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830–31 (citation omitted). Nonetheless, "[t]he ALJ need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and

inadequately supported by clinical findings." *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (quoting *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009)).

**B.     The ALJ Erred in Weighing the Opinion of Dr. Michiel**

In this case, Dr. Michiel opined, in relevant part, that Plaintiff "is unable to maintain attention and concentration to carry out simple job instructions." (AR 358.) This opinion was contradicted by the opinion of a non-examining psychiatrist, Dr. Anna Franco, who opined that the "overall evidence . . . did not suggest a change in circumstance since" the first ALJ found that Plaintiff was able to carry out simple job instructions. (AR 174.)

As the opinion of Dr. Michiel is contradicted by the opinion of another psychiatrist, the ALJ can only reject Dr. Michiel's opinion "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31 (citation omitted). The ALJ did not credit the portion of Dr. Michiel's opinion "precluding" Plaintiff from "performing simple repetitive tasks" because it "appear[ed] to have been based upon" Plaintiff's (1) "subjective statements," and (2) "near total memory loss, which is not consistent with his demonstrated good memory at the hearing where he seemed to remember almost everything."[4] (AR 21.)

---

[4] In their decision, the ALJ also gave "significant weight" to the opinion of Dr. Franco that Plaintiff could "sustain concentration, persistence, and pace for simple one- and two-step and some detailed and complex tasks" and "accept instructions from supervisors." (AR 21.) Defendant properly does not rely on this statement as an alternative rationale for rejecting Dr. Michiel's opinion, as this statement from the ALJ does not constitute valid specific and legitimate rationale for two reasons.

First, the ALJ did not offer this conflicting medical evidence—or *any* medical evidence—as a basis for rejecting a portion of the opinion of Dr. Michiel. (*See* AR 21.) It is the ALJ's responsibility—and not that of the Court after the fact—to provide specific and legitimate reasons to reject the opinion evidence of an examining source. *See, e.g.*, *McClung v. Astrue*, No. 2:11–cv–2874 CKD, 2013 WL 78882, at *7 (E.D. Cal. Jan. 4, 2013) (noting that "it is the ALJ's responsibility to . . . provide specific and legitimate reasons for accepting or rejecting" a medical opinion). The Court therefore will not interject rationale for the ALJ's decision to accord less weight to portions of the opinion of Dr. Michiel that the ALJ failed to provide. *See, e.g.*, *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." (citations omitted)).

Second, the ALJ could not accord more weight to the opinion of Dr. Franco, a non-examining physician, than the opinion of Dr. Michiel, an examining physician, unless he provides specific and legitimate reasons to do so based on substantial evidence. *See, e.g.*, *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995) ("[L]ike the opinion of a treating doctor, the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." (citation omitted)). The ALJ accorded "significant weight" to the opinion of Dr. Franco because the opinion was "most consistent with the medical evidence." (AR 21.) However, the ALJ's decision is completely devoid of *any* medical evidence supporting Dr. Franco's opinion. (*See* AR 13–23.) Instead, the only pertinent medical evidence the ALJ cites regarding Plaintiff's ability to carry out simple tasks is the opinion of Dr. Michiel, an examining source. (*See* AR 21.) As such, the ALJ's stated rationale for according this opinion more weight than the opinion of Dr. Michiel is deficient.

9

The ALJ's first rationale relating to Plaintiff's subjective statements is deficient insofar as it misstates the record. Dr. Michiel explicitly states in his report that he "[b]ased" his opinion regarding Plaintiff's ability to carry out simple job instructions on his "evaluation and observation" of Plaintiff "throughout the interview." (AR 358.) In other words, Dr. Michiel's report clearly states that he did *not* base his relevant opinion on Plaintiff's subjective statements. (*See* AR 358.) As the ALJ's rationale that the opinion was purportedly based on Plaintiff's subjective statements is not an accurate reflection of the record, the Court finds that this is not a valid specific and legitimate reason to disregard Dr. Michiel's opinion. *See, e.g.*, *Fatheree v. Colvin*, No. 1:13–cv–01577–SKO, 2015 WL 1201669, at *15 (E.D. Cal. Mar. 16, 2015) (finding that the ALJ's stated rationale for according less weight to a physician's opinion was not a specific and legitimate reason where the ALJ incorrectly asserted that the physician's "opinion . . . was supported by little or no objective evidence"); *cf. Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) ("Although it is within the power of the Secretary to make findings concerning the credibility of a witness and to weigh conflicting evidence, he cannot reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result." (citations omitted)). *See generally Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) ("[A] court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993))).

The ALJ's second stated basis for rejecting this opinion—the ALJ's personal observations—is also deficient. In particular, the ALJ rejected the opinion of Dr. Michiel, an examining physician, based on the ALJ's own observations regarding Plaintiff's memory loss during the Hearing. (*See* AR 21.) Stated differently, the ALJ supplanted Dr. Michiel's opinion regarding Plaintiff's ability to carry out simple instructions with the ALJ's own opinion. (*See* AR 21.) It is well-settled that "an ALJ is not allowed to use his own medical judgment in lieu of that of a medical expert." *Vaughn v. Berryhill*, --- F. Supp. 3d ---, 1:15–cv–01247–GSA, 2017 WL 1349292, at *9 (E.D. Cal. Mar. 17, 2017); *see, e.g.*, *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (stating that, "[a]s a lay person," the "ALJ [is] not at liberty to ignore medical evidence or

substitute his own views for uncontroverted medical opinion" (citations omitted)); *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) ("While an ALJ is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who submitted an opinion to or testified before him." (citation omitted)); *Khan v. Colvin*, No. EDCV 12–2106–MAN, 2014 WL 2865173, at *6 (C.D. Cal. June 24, 2014) ("[I]t is well-settled that an ALJ may not render a medical judgment and interject his own medical opinion, nor may he substitute his own diagnosis for that of the claimant's physician." (citations omitted)); *Schols v. Astrue*, No. CV–10–253–CI, 2012 WL 710807, at *5 (E.D. Wash. Mar. 5, 2012) ("[A]n ALJ may not act as his own medical expert, substituting his opinion for a professional interpretation of the clinical testing." (citations omitted)); *cf. Goolsby v. Berryhill*, Case No.: 1:15–cv–00615–JLT, 2017 WL 1090162, at *8 (E.D. Cal. Mar. 22, 2017) ("[I]t is well-settled law that an ALJ may not render her own medical opinion and is not empowered to independently assess clinical findings." (citations omitted)). As the ALJ incorrectly substituted its own medical opinion in lieu of the opinion of Dr. Michiel, an examining source, the Court finds that the ALJ's stated rationale pertaining to Plaintiff's "demonstrated good memory" is not a valid specific and legitimate reason to disregard the opinion of Dr. Michiel.

In summary, the ALJ failed to provide valid specific and legitimate reasons to reject Dr. Michiel's opinion. This deficiency constitutes error. *See, e.g.*, *Kuharski v. Colvin*, No. 2:12–cv–01055–AC, 2013 WL 3766576, at *6 (E.D. Cal. July 16, 2013) (finding that the ALJ erred by rejecting "an examining doctor's opinion" without providing "specific and legitimate reasons" for doing so).

**C.     Harmless Error Analysis**

The Court now turns to the analysis of whether this error by the ALJ was harmless. The Ninth Circuit "ha[s] long recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)); *see also Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 932 & n.10 (9th Cir. 2014) (stating that the harmless error analysis applies where the ALJ errs by not discharging their duty to develop the record). As such, "the court will not reverse

11

an ALJ's decision for harmless error." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)).

An error is harmless "where it is inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (citations omitted); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (stating that an error is also harmless "'if the agency's path may reasonably be discerned,' even if the agency 'explains its decision with less than ideal clarity'" (quoting *Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 497 (2004))). "In other words, in each case [courts] look at the record as a whole to determine whether the error alters the outcome of the case." *Molina*, 674 F.3d at 1115. "[T]he nature of [the] application" of the "harmless error analysis to social security cases" is "fact-intensive—'no presumptions operate' and '[courts] must analyze harmlessness in light of the circumstances of the case.'" *March v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (quoting *Molina*, 674 F.3d at 1121). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

Here, the record establishes that the ALJ's error was not harmless. As noted previously, Dr. Michiel opined that Plaintiff "is unable to maintain attention and concentration to carry out simple job instructions." (AR 358.) At step five of the sequential evaluation process, the ALJ found that Plaintiff was not disabled because "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (AR 22.) In making this finding, the ALJ relied on the VE's response to hypotheticals that omitted the limitation relating to simple job instructions, as opined by Dr. Michiel. (*See* AR 22; *see also* AR 112–14 (providing the ALJ's exchange with the VE during the Hearing).)

However, Plaintiff's counsel provided a hypothetical to the VE during the Hearing that included the limitation relating to simple job instructions, as opined by Dr. Michiel. (*See* AR 114.) The VE responded that the hypothetical individual who had this limitation would not be able to "perform any of his past work or any work in our national economy," as "normally found." (AR 114.)

The VE's response to the hypothetical provided by Plaintiff's counsel demonstrates that the ALJ's step-five finding would have been different if—absent the ALJ's error—the ALJ credited the full opinion of Dr. Michiel. As such, the Court finds that the ALJ's error was not inconsequential to the ultimate disability determination. The Court therefore also finds that the ALJ's error was not harmless,[5] *see, e.g.*, *Molina*, 674 F.3d at 1115 (stating that an error is harmless "where it is inconsequential to the ultimate nondisability determination" (citations omitted)), and the remand of this matter is appropriate.[6]

## IV. CONCLUSION

For the reasons provided herein, the Court GRANTS Plaintiff's Motion, (Doc. 12), DENIES Defendant's Motion, (Doc. 14), and REMANDS this case for further proceedings consistent with this Order. The Court further DIRECTS the Clerk to enter judgment in favor of Plaintiff.

IT IS SO ORDERED.

Dated: **August 22, 2017**         /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE

---

[5] In Plaintiff's Motion, Plaintiff also briefly argues that the ALJ erred in according less weight to the opinion of another doctor, Dr. Georgis. (*See* Doc. 12 at 9–10.) As the Court finds that remand is appropriate due to the ALJ's error in weighing the opinion of Dr. Michiel, it does not reach Plaintiff's additional argument regarding Dr. Georgis.

[6] In his briefing, Plaintiff argues that the Court "should credit the opinions of Dr. Michiel as true" and "reverse and order the payment of benefits." (Doc. 12 at 13.) The Court disagrees and finds that an order for payment of benefits is inappropriate.

Where the ALJ commits an error and that error is not harmless, the "ordinary . . . rule" is "to remand to the agency for additional investigation or explanation." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (citations omitted). The Ninth Circuit recognized a limited exception to this typical course where courts "remand[] for an award of benefits instead of further proceedings." *Id.* at 1100–01 (citations omitted); *see also id.* at 1100 (noting that this exception is "sometimes referred to as the 'credit-as-true' rule"). In determining whether to apply this exception to the "ordinary remand rule," the court must determine, in part, whether (1) "the record has been fully developed," (2) "there are outstanding issues that must be resolved before a determination of disability can be made," and (3) "further administrative proceedings would be useful." *Id.* at 1101 (citations omitted). As to the last inquiry, additional "[a]dministrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence . . . may well prove enlightening in light of the passage of time." *Id.* (citations omitted). Ultimately, "[t]he decision whether to remand a case for additional evidence or simply to award benefits is in [the court's] discretion." *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (citation omitted).

Here, the Court finds that the "credit-as-true" exception to the "ordinary remand rule" is inapplicable because additional administrative proceedings will be useful. In particular, the ALJ's RFC determination conflicted with the opinion of Dr. Michiel. Additional administrative proceedings will be useful to accord an opportunity to the ALJ to resolve this conflict.

Accordingly, the Court declines Plaintiff's request to order payment of benefits. Instead, the Court hereby remands this matter for further proceedings.